EL PUEBLO *v.* BOCANEGRA.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 41. Resuelto en diciembre 16, 1905.

APELACIÓN.—APRECIACIÓN DE LA PRUEBA.—NOTAS DEL TAQUÍGRAFO.—RELACIÓN DE HECHOS.—PLIEGO DE EXCEPCIONES.—Las notas tomadas por el taquígrafo durante la celebración del juicio, no pueden servir de base para discutir, en una apelación, la apreciación de la prueba, pues ésta debe venir consig-

nada en un pliego de excepciones ó en una relación de hechos, en defecto de los cuales, se presumirá que el veredicto está ajustado á derecho.

ASESINATO EN SEGUNDO GRADO.—EXTENSIÓN DE LA PENA.—El Tribunal tiene facultades para imponer prisión perpetua á un reo declarado culpable de asesinato en segundo grado, pues cuando el Código señala pena de presidio, por un término que no baje de un determinado número de años, sin fijar un límite á la duración de dicha pena, como sucede en este caso, el tribunal puede condenar á prisión perpetua ó por cualquier número de años que no baje del prescrito.

ID.—FACULTADES DEL JURADO Y DEL TRIBUNAL.—Al jurado corresponde declarar al acusado convicto ó absuelto del delito imputádole en la acusación, y determinar, cuando proceda, el grado del delito cometido, pero al tribunal incumbe dictar sentencia y fijar en ella la pena que debe imponerse en cada caso, y si está comprendida dentro de los límites fijados por el Código, y no se hubiere demostrado que el juez abusara del poder discrecional que la ley le confiere, no deberá modificarse.

ID.—CASTIGO CRUEL É INUSITADO.—La pena de prisión perpetua no puede calificarse de cruel é inusitada, no siéndole, por consiguiente, aplicables las disposiciones de la enmienda octava de la Constitución de los Estados Unidos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Martínez Quintero.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por Juan Bocanegra Núñez, contra sentencia de la Corte de Distrito de Aguadilla.

La acusación que dió origen al juicio aparece redactada en los términos siguientes:

"En el nombre y por la autoridad de "El Pueblo de Puerto Rico." United States of América S. S. .—The President of the U. S. *El Pueblo de Puerto Rico* contra *Juan Bocanegra Núñez.*—En la Corte de Distrito de Mayagüez á once de mayo de 1904.—El Fiscal formula acusación contra Juan Bocanegra Núñez, por un delito de asesinato en 1er. grado (*felony*) cometido como sigue: "El citado Juan Bocanegra Núñez, siendo Policía Insular del puesto de Moca, sostenía relaciones ilícitas con la mujer casada Onofre Chacón é Hidalgo, y se había empeñado en que dicha mujer abandonase la casa en que vivía, que era la de su padre Alejandro Chacón, para que se marchara con él, y como la Onofre se negaba á ello, deliberó y premeditó matarla ilegal y maliciosamente, y al efecto, en la noche del 2 de abril del corriente año de 1904, se dirigió al pueblo

de Aguadilla, que forma parte de este Distrito Judicial, donde era
que vivía la referida Onofre Chacón, se escondió debajo de la casa
de ésta en acecho de que dicha mujer saliera afuera, y cuando vió
que la dicha Onofre se encontraba en el balcón, salió del sitio en
que se había escondido, y agarrándola por el traje que vestía, le hizo
un disparo con el revólver de reglamento que portaba, con cuyo
disparo le produjo la muerte instantánea.—Este hecho es contrario
á la ley para tal caso prevista, y á la paz y dignidad de "El Pueblo
de Puerto Rico".—Libertad Torres Grau, Fiscal del Distrito.—La
acusación que antecede está basada en el testimonio de testigos exa-
minados por mí bajo juramento, creyendo solemnemente que existe
justa causa para presentarla al Tribunal.—Libertad Torres Grau.--
Fiscal del Distrito.—Jurado y firmado ante mí hoy día once de ma-
yo de 1904.—Juan Arroyo Mestre.—Secretario del Tribunal del Dis-
trito de Mayagüez.—Hay un sello."

El reo alegó no ser culpable del delito de que se le acu-
saba, y señalado día para la celebración del juicio por ju-
rados que tuvo lugar en la Corte de Distrito de Aguadilla,
el jurado pronunció un veredicto declarando culpable al
acusado de asesinato en segundo grado, y la corte por sen-
tencia de 31 de octubre del año próximo pasado, le conde-
nó á la pena de prisión perpetua en presidio con trabajos
forzados, y pago de las costas procesales.

Contra esa sentencia interpuso la representación del
acusado recurso de apelación que su abogado ha sostenido
ante esta Corte Suprema, alegando por escrito y oralmen-
te que siendo la pena impuesta la señalada por el Código
Penal al delito de asesinato en primer grado con circuns-
tancias atenuantes, no ha debido aplicarse en el presente
caso, porque la prueba no fué suficientemente clara para
deducir de ellas la existencia de circunstancias agravantes,
y porque habiendo declarado el jurado que el apelante sólo
era culpable de asesinato en segundo grado, claro es, que
no tuvo la intención de que se le impusiera pena cual si
fuera culpable de asesinato en primer grado con circuns-
tancias atenuantes, habiéndose infrigido además la en-

mienda 8a. de la constitución de los Estados Unidos que prohibe imponer castigos crueles é inusitados.

No podemos entrar á examinar si las pruebas practicadas en el juicio demostraron ó no la existencia de circunstancias agravantes ó atenuantes, porque si bien han venido con el récord notas taquigráficas detallando esas pruebas, tales notas no pueden servir de base para discutir la apreciación de las pruebas hechas por el jurado, sino que á ese fin debe presentarse un pliego de excepciones ó una exposición de hechos que revelen en forma fehaciente el resultado de las pruebas practicadas en el juicio, según doctrina ya establecida por esta Corte Suprema y ampliamente razonada en los casos No. 62 de *El Pueblo de Puerto Rico* contra *Juan de Mata Eligier y Juan del Carmen Groló,* y No. 61 de *El Pueblo de Puerto Rico* contra *Eusebio Torres Candelaria.*

Aceptado el veredicto del jurado tal como fué pronunciado y que debe presumirse ajustado á derecho y á las pruebas mientras no se demuestre lo contrario, el juez de Aguadilla procedió dentro de sus facultades imponiendo al apelante la pena de reclusión perpetua, pues el artículo 202 del Código Penal estatuye que toda persona culpable de asesinato en segundo grado incurrirá en pena de presidio por un término mínimo de diez años, y el 33 del mismo código ordena que "cuando á un reo se le declara incurso en pena de presidio por un término que no baje de determinado número de años, sin fijar un límite á la duración de dicha pena, podrá el tribunal sentenciador, á su arbitrio, condenar al reo á prisión perpetua ó por cualquier número de años que no baje del prescrito."

Ciertamente que al jurado corresponde en casos como el presente declarar al acusado convicto ó absuelto del delito imputádole en la acusación y determinar cuándo procede el grado del delito cometido, según los artículos 283 y 284 del Código de Enjuiciamiento Criminal; pero al tribunal

autorizado para pronunciar la sentencia, incumbe fijar la pena que hubiere de imponerse en cada caso especial dentro de los límites prescritos por el Código Penal, según éste preceptúa en su artículo 28 y el juez del Distrito de Aguadilla obró dentro de esos límites, sin apartarse del veredicto del jurado y sin que se haya demostrado que abusara del poder discrecional que la ley le confiere.

Negamos que sea cruel ó inusitada la pena de prisión perpetua impuesta al acusado. Dicha pena es de las establecidas por el Código Penal vigente en esta Isla y no le es aplicable la enmienda 8a. de la Constitución de los Estados Unidos.

Por las razones expuestas, procede en nuestro sentir la confirmación de la sentencia apelada con las costas del recurso á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.